IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                      Plaintiff,                      ORDER

              v.                                25-cr-43-jdp-1

JOSEPH GARRISON,

                      Defendant.

---

A hearing on the probation office's petition for judicial review of Joseph Garrison's supervised release was held on February 5, 2026, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Steven Anderson. Defendant was present in person and by counsel Jeffrey Nichols. Also present was Senior U.S. Probation Officer Alyssa Brody.

From the record and defendant's stipulation I make the following findings of fact.

## FACTS

Defendant was sentenced in the Southern District of New York on January 31, 2024, following his conviction for Conspiracy to Commit Computer Intrusions, in violation of 18 U.S.C. § 371. This offense is a Class D felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 18 months, with a 3-year term of supervised release to follow. Jurisdiction of defendant's case was transferred to the Western District of Wisconsin on April 25, 2025. Defendant began his term of supervised release on April 29, 2025.

Defendant violated Special Condition No. 5 ordering him to provide his supervising

U.S. Probation Officer with advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate, or disseminate information used by defendant. In September 2025, the probation office was contacted by a Federal Bureau of Investigations Special Agent, who reported their agency received an anonymous tip that defendant was using a cell phone, specifically an iPhone 12, and using it to engage in fraudulent behavior. On October 15, 2025, the probation officer conducted a search of defendant's residence, and an unauthorized iPhone 12 was located in defendant's bedroom on his bed, under his pillow.

The unauthorized device was seized and submitted for forensic analysis. Defendant admitted to his supervising officer he had the unauthorized iPhone prior to his incarceration and had been using it to communicate with friends. He admitted he had not disclosed using or possessing this device to his supervising officer. He refused to provide the password or assist officers with logging into the device. On January 7, 2026, a forensic examination report was completed on the iPhone seized from defendant. In summary, the lab's forensic tools could not obtain a full file extraction due to not having the iPhone's password. A partial extraction was completed that confirmed defendant was using the device and provided a list of applications installed on the phone. The list of applications reflects multiple messaging, security and network tools, third party web browsers, and digital wallets for cryptocurrency. It could not be determined whether defendant was using the device to engage in new criminal behavior.

## CONCLUSIONS

Defendant's violations warrant revocation.

Defendant's criminal history category is I. With a Grade C violation, defendant has an

advisory guideline range of imprisonment of three to nine months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class D felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment. The statutory maximum term of supervised release that can be re-imposed is 36 months, less any term of imprisonment imposed upon revocation, pursuant to 18 U.S.C. § 3583 (b)(2).

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I am persuaded that a sentence at the top of the advisory sentencing guideline range is reasonable and no greater than necessary to achieve the statutory purposes of sentencing upon revocation. The intent of this sentence is to hold defendant accountable for his violations, to protect the community, and to promote specific and general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 31, 2024, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 9 months. A 27-month period of supervised release shall follow. Defendant's poor adjustment to supervision reflects that he will require future assistance transitioning back into the community following the term of imprisonment. A term of supervised release is warranted to address the risks and needs present in this case. The standard and special conditions below, in addition to the mandatory conditions of supervised release, are reasonably related to the offense of conviction, as well as the personal history and characteristics of defendant.

## Mandatory Conditions - 18 U.S.C. § 3583(d)

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. § 3583(d) unless waived by the Court.

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405, if this requirement has not been met.

|    | STANDARD CONDITIONS OF SUPERVISION | JUSTIFCATION |
|----|---|---|
| 1) | Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG §§5B1.3(b)(1)(A), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 2) | Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C), and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4), and (7); USSG §§5B1.3(b)(1)(B),(C), (D), (E), and (b)(2); USSG §§5D1.3(b)(1)(A)(ii), (iii), (iv), and (b)(1)(B). |
| 3) | Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable | Evidence-based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education |

4

| | | |
|---|---|---|
| | employment, unless excused by the probation officer or the Court. | have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C), and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4), and (7); USSG §§5B1.3(b)(1)(C), (D), (E), and (b)(2); USSG §§5D1.3(b)(1)(A)(ii), (iii), (iv), and (b)(1)(B). |
| 4) | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16), and (19); 18 U.S.C. § 3603(2), (3), (4), and (7); USSG §§5B1.3(b)(1)(D) and (b)(2); USSG §§5D1.3(b)(1)(A)(iii). |
| 5) | Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician. | Evidence-based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 6) | Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered. | Evidence-based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use, or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B), and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); |

| | | |
|---|---|---|
| | | USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 7) | Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity. | Evidence-based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §§5B1.3(b)(1)(B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(ii), (iii), and (b)(1)(B). |
| 8) | Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §§5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 9) | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 10) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court. | Evidence-based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation |

|     |     |     |
| --- | --- | --- |
|     |     | officer. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17), and (18); 18 U.S.C. § 3603(2), (3), (4), and (7); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 11) | Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame. | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §5B1.3(c)(1); USSG §5D1.3(b)(2)(A). |
| 12) | Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon. | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. Probation Officer. 18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG §5B1.3(c)(10), USSG §5D1.3(b)(2)(J); and U.S. v. Armour, 804 F.3d 859, 869 (7th Cir. 2015). |

The following special conditions are also imposed as further justified:

|     | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFCATION |
| --- | --- | --- |
| 13) | Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns. | Ordered based on the need to monitor defendant's financial records, assess his ability to pay toward his court-ordered financial obligations, and monitor his compliance with the payment of restitution. |
| 14) | Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. Probation Officer. | Ordered based on the nature of his offense of conviction involving fraud, to evaluate his ability to pay toward his court-ordered financial obligations and monitor his compliance with the payment of restitution. |
| 15) | Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic | Ordered based on the nature of his offense of conviction, his noncompliance while on supervised |

7

| | | |
|---|---|---|
| | communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition. | release, the need to protect the public from further criminal activity perpetrated by the defendant, and the need to ensure the safety of the supervising U.S. Probation Officer. |
| 16) | Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. | Ordered based on defendant's self-reported history of mental health and participation in treatment during his supervised release. |
| 17) | Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by | Ordered based on the defendant's offense of conviction, his past self-reports of engaging in online fraudulent activity, and his possession and use of unauthorized IT device(s) while on supervised release. |

|  | defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination. |  |
|---|---|---|

## Criminal Monetary Penalties

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth in his original judgment.

The defendant is to pay mandatory restitution in the amount $1,327,061 (remaining balance is $1,325,936) to the U.S. Clerk of Court for the Southern District of New York to be disbursed to victims of his instant offense.

The defendant does not have the economic resources to allow himself to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $25 each month, beginning within 30 days of the defendant's release from custody.

The defendant shall notify the Court and the United States Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.

No interest is to accrue on the unpaid portion of the restitution.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community. Defendant does not have the financial means or earning capacity to pay the cost of incarceration. Defendant is to be remanded into custody immediately to commence service of the sentenced imposed today.

Entered February 5, 2026.

BY THE COURT:

                                      s/ James D. Peterson
                                      _____

                                      James D. Peterson
                                      U.S. District Judge